**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ROBERT GONZALES,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No. 12-cv-0466 MCA/SMV**

**LT. SPRUNK and**
**SGT. BLAND,**

    **Defendants.**

## ORDER FOR SUPPLEMENTAL BRIEFING ON EXHAUSTION

THIS MATTER is before the Court sua sponte. Having reviewed the record, and being otherwise fully advised in the premises, the Court will order supplemental briefing on exhaustion of administrative remedies.

This is a pro se, civil rights action brought under 42 U.S.C. § 1983 by Plaintiff. On May 1, 2012, Plaintiff filed his Complaint [Doc. 1] alleging constitutional violations and tort claims under state law during his incarceration at the Western New Mexico Correctional Facility. The only remaining defendants are Wilfred Sprunk and Emmitt Bland. [Doc. 21]. Defendant Sprunk filed his Answer [Doc. 19] on March 4, 2013. Defendant Bland filed his Answer [Doc. 23] on May 17, 2013. Both defendants have raised the affirmative defense of failure to exhaust administrative remedies. [Doc. 19] at 4; [Doc. 23] at 4.

The Prison Litigation Reform Act ("PLRA") sets out express limitations prior to proceeding with a viable lawsuit. Under 42 U.S.C. § 1997e(a) of the PLRA, a prison inmate is required to complete the prison administrative process before suing over prison conditions. *Booth v. Churner*, 532 U.S. 731, 733–34 (2001). The exhaustion requirement is designed to be

a disincentive for prisoners who would rather bypass available internal procedures and proceed directly to a lawsuit in federal court. The hope is that some prisoner litigation may be avoided and that the suits that are brought have better documentation for the court to consider. *Woodford v. Ngo,* 548 U.S. 81, 89 (2006).

Congress has eliminated both the discretion to dispense with administrative exhaustion and the condition that administrative exhaustion be plain, speedy, and effective. Even where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. *Booth,* 532 U.S. at 739–40. The PLRA's exhaustion requirement applies to all suits arising out of prison life. *Porter v. Nussle*, 534 U.S. 516, 525 (2002); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." *Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1207 (10th Cir. 2003) (internal quotation marks omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Accordingly, an inmate must do more than initiate the administrative grievance process; he must also complete it prior to filing suit. *Jernigan*, 304 F.3d at 1032.

In a suit governed by the PLRA, the burden of proof for the exhaustion of administrative remedies lies with the defendant. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). Defendant must prove that: (1) administrative remedies were available to the plaintiff, and (2) the plaintiff failed to exhaust those remedies. *Purkey v. CCA Det. Ctr.*, No. 06-3389, 263 F. App'x 723, 726 (10th Cir. 2008) (unpublished).

Having reviewed the pleadings filed thus far, the Court has determined that it will require briefing from the parties on the issue of whether Plaintiff has exhausted administrative remedies. The parties will comply with the following briefing schedule:

> Defendants' briefs-in-chief shall be filed by **September 6, 2013**;
>
> Plaintiff's response(s) shall be filed by **September 27, 2013**; and
>
> Defendants' replies shall be filed by **October 4, 2013**.

If the parties wish the Court to consider any evidence outside the pleadings, such as affidavits, their briefs should comply with Fed R. Civ. P. 56 and D.N.M.LR-Civ. 56.1.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** further briefing on exhaustion shall be submitted as outlined above.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**