**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ROBERT GONZALES,**

    **Plaintiff,**

**v.**	                                                          **Case No. 12-cv-0466 MCA/SMV**

**LT. SPRUNK and**
**SGT. BLAND,**

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED RESOLUTION

This is a pro se, civil rights action brought under 42 U.S.C. § 1983 by Plaintiff. On May 1, 2012, Plaintiff filed his Complaint [Doc. 1] alleging constitutional violations and tort claims under state law during his incarceration at the Central New Mexico Correctional Facility. The only remaining defendants are Wilfred Sprunk and Emmitt Bland. [Doc. 21]. Defendant Sprunk filed his Answer [Doc. 19] on March 4, 2013. Defendant Bland filed his Answer [Doc. 23] on May 17, 2013. Both defendants raised the affirmative defense of failure to exhaust administrative remedies. [Doc. 19] at 4; [Doc. 23] at 4. On August 6, 2013, I ordered supplemental briefing on whether Plaintiff had exhausted his administrative remedies. Order for Supplemental Briefing on Exhaustion. [Doc.24]. Defendants filed timely briefs on September 6, 2013. *See* [Docs. 26 & 27]. Plaintiff was to file a response no later than September 27, 2013. *See* [Doc. 24]. He failed to do so. Having meticulously reviewed the Complaint, Defendants' Answers, and Defendants' Supplemental Briefs on Exhaustion, I find that Plaintiff has failed to

exhaust his administrative remedies as required under the Prison Litigation Reform Act. Accordingly, I recommend that this matter be dismissed without prejudice in its entirety.

## The Law on Exhaustion of Remedies

The Prison Litigation Reform Act ("PLRA") sets out express limitations prior to proceeding with a viable lawsuit. Under 42 U.S.C. § 1997e(a) of the PLRA, a prison inmate is required to complete the prison administrative process before suing over prison conditions. *Booth v. Churner*, 532 U.S. 731, 733–34 (2001). The exhaustion requirement is designed to be a disincentive for prisoners who would rather bypass available internal procedures and proceed directly to a lawsuit in federal court. The hope is that some prisoner litigation may be avoided and that the suits that are brought have better documentation for the court to consider. *Woodford v. Ngo,* 548 U.S. 81, 89 (2006).

Congress has eliminated both the discretion to dispense with administrative exhaustion and the condition that administrative exhaustion be plain, speedy, and effective. Even where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. *Booth,* 532 U.S. at 739–40. The PLRA's exhaustion requirement applies to all suits arising out of prison life. *Porter v. Nussle*, 534 U.S. 516, 525 (2002); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." *Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1207 (10th Cir. 2003) (internal quotation marks omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Accordingly, an inmate must do more than initiate the administrative grievance process; he must also complete it prior to filing suit. *Jernigan*, 304 F.3d at 1032.

In a suit governed by the PLRA, the burden of proof for the exhaustion of administrative remedies lies with the defendant. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). Defendant must prove that: (1) administrative remedies were available to the plaintiff, and (2) the plaintiff failed to exhaust those remedies. *Purkey v. CCA Det. Ctr.*, No. 06-3389, 263 F. App'x 723, 726 (10th Cir. 2008) (unpublished).

## Analysis

Plaintiff's allegations arise from his detention at the Reception and Diagnostic Center ("RDC) of the Central New Mexico Correctional Facility. Complaint [Doc. 1]. He was held at the RDC for three weeks, from February 15, 2012, through March 8, 2012. Defendants' Brief . . . on Exhaustion . . . [Doc. 27] at 1. He was transferred to the Western New Mexico Correctional Facility after his intake procedures were complete. *Id*. at 5. He is currently on parole.[1] *Id*. at 1. He claims that his Eighth and Fourteenth Amendment rights were violated while he was held at the RDC. He alleges that a correctional officer abused him, and that another officer did not stop the abuse. *See* Complaint [Doc. 1] at 4. He claims further that as a result of that abuse he suffered injuries to his throat and fingers, and that he has trouble sleeping. *Id*.

Attached as Exhibits A and B to Defendants' Defendants' Brief . . . on Exhaustion . . . [Doc. 27] are the affidavits of Larry Phillips and Paula Burns. [Docs. 27-1, 27-2]. Mr. Phillips is the Corrections Administrator/Grievance Appeals Coordinator for the New Mexico Corrections Department ("NMCD"). [Doc. 27-1]. Ms. Burns is the Audits and Standards

---

[1] The fact that Plaintiff has been released is of no consequence to the exhaustion analysis herein because he was incarcerated when he filed his complaint. *See* Complaint [Doc. 1] at 1. Plaintiff was required to have exhausted his administrative remedies *before* he filed suit. § 1997e(a) ("No action *shall be brought* with respect to prison conditions . . . until such administrative remedies as are available are exhausted.") (emphasis added).

Compliance Bureau Chief for the NMCD. [Doc. 27-2]. Their affidavits conclusively establish (1) that administrative remedies were available to Plaintiff for all of the claims raised in the Complaint, and (2) that he failed to exhaust those remedies. The Affidavits are undisputed. Accordingly, I **FIND** that Plaintiff has failed to exhaust his administrative remedies, and I **RECOMMEND** that this matter be dismissed without prejudice.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**